IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, and CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE & TRAINEE PROGRAM FUND<br><br>        Plaintiffs,<br><br>v.<br><br>COMMERCIAL CARPET CORP.,<br><br>        Defendant. | FILED: JUNE 12, 2008<br>   08CV3401<br>   JUDGE DARRAH<br>   MAGISTRATE JUDGE BROWN<br>   NF<br>CIVIL ACTION |

## COMPLAINT

Plaintiffs, TRUSTEES of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, Amy Elizabeth Paluch Epton, complain of the Defendant, COMMERCIAL CARPET CORP., as follows:

1.     This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising there under.

2.     The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie Street, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3.     The Defendant is an employer engaged in an industry affecting commerce

which entered into Agreements which require Defendant to pay fringe benefit contributions to the Trust Funds.

4. Pursuant to the provisions of the Collective Bargaining Agreements, the Defendant is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

5. The Defendant must submit monthly reports listing the hours worked by its carpenter employees and to make concurrent payment of contributions to the Trust Funds based upon the hours worked by its carpenter employees.

6. The Plaintiffs attempted to audit the books and records of the Defendant to verify that all contributions were submitted for the period January 2005 to the present. The Defendant failed to produce the books, records and information required to complete the audit.

7. Delinquent employers are required to pay, in addition to the amounts determined to be due, liquidated damages, interest, reasonable attorney fees, court costs, audit fees and other reasonable costs incurred in the collection process.

8. Plaintiffs have complied with all conditions precedent in bringing this suit.

9. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from Defendant.

10. Defendant is obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

11. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

12. Pursuant to 29 U.S.C. §1132(g)(2)(C), Plaintiffs are entitled to an amount

equal to the greater of:

    a)    double interest on the unpaid contributions; or

    b)    interest plus liquidated damages provided for under the Trust Agreements not in excess of 20% of amount that is due.

13.    Pursuant to the Trust Agreements, Plaintiffs are entitled to liquidated damages at the rate of 1.5% compounded monthly.

WHEREFORE, Plaintiffs pray:

a)    That the Defendant be ordered to produce all books, records and information to complete the audit as requested by the Plaintiffs.

b)    That the Plaintiff be allowed to submit an estimate of the amount of contributions due should the Defendant fail to submit to the audit.

c)    That the Defendant be ordered to pay liquidated damages pursuant to the Trust Agreements.

d)    That the Defendant be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(B).

e)    That the Defendant be ordered to pay interest or liquidated damages on the amount that is due pursuant to 29 U.S.C. §1132 (g)(2)(C).

f)    That the Defendant be ordered to pay the reasonable attorney's fees and costs incurred by the Plaintiffs pursuant to the Trust Agreements and 29 U.S.C. §1132 (g)(2)(D).

g)    That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's costs pursuant to 29 U.S.C. §1132(g)(2)(E).

                                      By:   /s/ Amy Elizabeth Paluch Epton

Attorney for Plaintiffs
Amy Elizabeth Paluch Epton
(6278817)
Whitfield McGann & Ketterman
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700  Fax (312) 251-9701